# Exhibit D



**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 20, 2026

<u>Via E-mail</u>

Robert Fisher
Nixon Peabody LLP
53 State Street
Boston, MA 02109

Eric Rosen
Dynamis LLP
175 Federal Street, Suite 1200
Boston, MA 02110

      Re:    <u>United States v. Dev Ananth Durai | 24-cr-10200</u>

Dear Counsel:

      We write in response to your February 3 letter on behalf of Dev Ananth Durai ("the Defendant"). We disagree with a number of your letter's incorrect factual and legal assertions, but this letter is merely intended to briefly respond to your requests: that in exchange for the Defendant's appearance in the United States from a non-extradition country to which he fled following the unsealing of the superseding indictment, the government confer on him several benefits. Those benefits you request include the government's agreement: (i) to not seek pre-trial detention and to agree to conditions of pre-trial release; (ii) to allow a "supervised voluntary appearance" (*i.e.*, self-surrender) despite the warrant for the Defendant's arrest; and (iii) to seek significant public benefit parole for the Defendant's entry to the United States from the Secretary of the Department of Homeland Security. While we appreciate your letter's attempt to "provide a path to potential cooperation" by the Defendant, the government respectfully declines your requests.

      As you acknowledged during an in-person meeting on January 13, 2026, the Defendant purchased a ticket and fled from his home country of Singapore to China less than 24 hours after learning of the charges against him and the warrant for his arrest. Further, the Defendant has declined to leave China for approximately three months since learning of the charges against him, even to return to Singapore. The Defendant's immediate one-way travel to a non-extradition country was a result of his desire to avoid potential arrest, detention, and extradition proceedings in Singapore, where, as you recognized, one of his co-defendants has been arrested and detained pending extradition.

Your letter's assertion that there is no "credible argument that [the Defendant] will flee" is accordingly somewhat surprising. The Defendant *has already* fled and has been a fugitive for approximately three months. From the perceived safety of a non-extradition country, the Defendant is now attempting to use his flight as leverage to obtain concessions and benefits from the government, including pre-trial release, in exchange for his termination of his fugitive status, appearance in Court, and avoidance of what your letter refers to as "years of extradition wrangling."

For that reason, and based on the government's evaluation of the factors set forth in 18 U.S.C. § 3142, it intends to seek the Defendant's detention pending extradition and trial when he is arrested. Simply put, the government cannot endorse through concessions a defendant's flight to a non-extradition country in order to evade arrest and likely detention, and then use of that flight as a bargaining chip to ensure he will not be arrested and detained. If the Defendant surrenders promptly to authorities in Singapore and waives extradition, we will seek his prompt transfer to the United States, where, as you know, the Court will decide whether pre-trial release is appropriate under the same procedures that the Bail Reform Act affords every criminal defendant.

Very truly yours,

LEAH B. FOLEY
United States Attorney

By: _____

William F. Abely
Chief, Criminal Division

David D'Addio
Deputy Chief, Criminal Division

cc: Timothy E. Moran, Assistant U.S. Attorney
Ian J. Stearns, Assistant U.S. Attorney
Seth B. Kosto, Chief, Securities, Financial & Cyber Fraud Unit

2